UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TODD A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | No. 1:17-CV-03585-SEB-TAB |
| NANCY A. BERRYHILL, | ) | |
| DEPUTY COMMISSIONER, | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Todd A. appeals the Social Security Administration's denial of his application

for a period of disability and disability insurance benefits.  The Administrative Law Judge found

that Plaintiff has severe impairments of anxiety, depression, and obesity.  Plaintiff argues that (1)

the ALJ failed to build a logical bridge between Plaintiff's father's testimony and her conclusion,

and (2) the ALJ failed to account for Plaintiff's mild limitations in concentration, persistence, or

pace in the residual functional capacity assessment and in the hypothetical questions posed to the

vocational expert.  As discussed below, Plaintiff's request for remand [Filing No. 13] should be

granted because the ALJ failed to adequately assess Plaintiff's mild limitations in concentration,

persistence, or pace arising from his memory problems.

**II.     Background**

Following the SSA's five-step sequential evaluation process, the ALJ determined that

Plaintiff was not disabled.  *See* 20 C.F.R. § 404.1520(a) (explaining the five-step evaluation

process).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since the alleged onset date.  At step two, the ALJ determined that Plaintiff is severely impaired with anxiety, depression, and obesity.  At step three, the ALJ determined that Plaintiff is not presumptively disabled because his impairments do not meet or medically equal the severity of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1.

Before moving on to step four, the ALJ determined that Plaintiff had the residual functional capacity to perform medium work, subject to additional limitations. Specifically, the ALJ found Plaintiff was limited to simple, routine tasks; simple, work-related decisions; never interacting with the general public; and having occasional interaction with supervisors and co-workers.  In making this finding, the ALJ considered medical, opinion, and other evidence.  Part of the ALJ's consideration included the testimony and third-party statement of Plaintiff's father, Phillip, which the ALJ assigned probative weight.  At step four, the ALJ relied on Plaintiff's RFC and a vocational expert's testimony to determine that Plaintiff would be unable to perform any past relevant work.  However, at step five, the ALJ determined that he can perform jobs available in significant numbers in the national economy despite Plaintiff's limitations.

## III.   Discussion

Plaintiff makes two arguments in support of his appeal.  Plaintiff first argues that the ALJ did not build a logical bridge between the evidence and her conclusion because she did not adequately explain the extent to which she credited Phillip's testimony.  The Deputy Commissioner responds by arguing that the ALJ met her burden of articulating "at some minimum level, [her] analysis of the evidence to allow the appellate court to trace the path of [her] reasoning."  [Filing No. 22, at ECF p. 13 (quoting *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995).]  To the extent the record lacks additional evidence, the Deputy Commissioner argues Plaintiff has the burden of providing medical evidence demonstrating his disability—a burden

that she argues Plaintiff failed to meet.  Plaintiff's second argument is that the ALJ failed to include Plaintiff's mild limitations in concentration, persistence, or pace in her RFC assessment and in the hypothetical questions she posed to the vocational expert.  In response, the Deputy Commissioner argues that the ALJ reasonably accounted for those limitations.

On review, the Court exercises deference and determines whether "substantial evidence" supports the ALJ's decision.  *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1979)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  The Court does not "reweigh evidence or substitute [its own] judgment for that of the ALJ." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014) (quoting *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013)).  However, the Court will remand the ALJ's decision if the reasons given by the ALJ do not "build an accurate and logical bridge" between the evidence and the result. *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017).

### A.    Phillip's Testimony

Plaintiff argues the ALJ did not build a logical bridge between the evidence and her conclusion because she did not adequately explain which parts of Phillip's testimony she credited.  Plaintiff contends that by failing to build a logical bridge, the ALJ robbed subsequent reviewers the chance to follow her reasoning.  In response, the Deputy Commissioner argues that substantial evidence supports the ALJ's determination because she met the standard of minimally articulating her analysis of the evidence.

Social Security Ruling 06-03p discusses how ALJs consider opinion evidence and "not acceptable medical sources." SSR 06-03p; *see also* 20 C.F.R. § 404.1527(f)(2) (tracking the language of SSR 06-03p and applicable to claims filed on or before March 27, 2017).  Opinions

of individuals who have not seen the claimant in their professional capacity (such as spouses, parents, and friends) are included in SSR 06-03p's definition of this type of evidence.  *Id.*  When articulating the consideration given to these sources, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case."  *Id.*  When analyzing evidence, the ALJ is "not required to address every piece of evidence . . . nor repeat the factual analysis throughout each section."  *Bryant v. Berryhill*, No. 1:17-CV-01850-JMS-TAB, 2018 WL 494640, at *7 (S.D. Ind. Jan. 22, 2018) (citing *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004)).  So long as the ALJ minimally articulates her reasoning and develops a bridge between the evidence and the outcome, the Court will affirm.  *Rice*, 384 F.3d at 371.

While the ALJ did not provide specific quotations from Phillip's testimony or third-party statement, she minimally articulated her reasoning, allowing this Court to follow it.  The ALJ credited Phillip's testimony "as it relates to the claimant's work . . . and the limitations in his ability to interact with others and concentrate."  [Filing No. 8-2, at ECF p. 25, R. at 24.] However, the ALJ determined that the level of impairment suggested by Phillip was not supported by evidence.  Absent objective medical evidence supporting that testimony, the ALJ was free to determine that Plaintiff is not "incapable of working a simple job with low social interactions."  [*Id.*]

Any concern that the ALJ's findings are contradictory regarding the weight given to Philip's testimony or third-party statement is not substantiated by the ALJ's decision when read as a whole.  Discussing Phillip's testimony and third-party statement, the ALJ said:

> I credit his father's testimony as it relates to [Plaintiff's] work as a photograph[er] and the limitations in his ability to interact with others and concentrate on work activities. Unfortunately, the objective medical evidence of record does not support the level of impairment that [Phillip] has attested to and there is not enough evidence to support [that Plaintiff] is incapable of working a simple job with low social interactions.
>
> In making this decision and determining [Plaintiff's] residual functional capacity, medical source statements and other opinion evidence of record have been considered. The third-party statement from [Phillip] is considered and given probative weight as it related to [Plaintiff's] subjective allegations.

[Filing No. 8-2, at ECF p. 25, R. at 24 (internal citations omitted).]

In a vacuum, the ALJ's statements regarding the amount of credit given to Phillip's testimony appear contradictory. On one hand, the ALJ credits the testimony, which seemingly includes the level of severity. On the other, the ALJ dismisses that level of severity because the objective medical evidence does not support it. Without more, Plaintiff's argument that the Deputy Commissioner was editorializing when she stated that the "ALJ clearly gave some weight to the statements . . . ," [Filing No. 25, at ECF p. 3 (quoting Filing No. 22, at ECF p. 12)], would be persuasive. However, the Deputy Commissioner's inference was accurate. As the Deputy Commissioner responds, the other evidence the ALJ cited does not support the level of severity Phillip claimed. Dr. Miller's fairly normal findings on mental status examinations, [Filing No. 8-11, at ECF p. 12], and Plaintiff's activities of daily living, which include socializing in a motorcycle club, caring for exotic and large snakes, caring for his daughter, and maintaining his marriage, all support the ALJ's conclusion. [Filing No. 8-2, at ECF p. 24, R. at 23.] In light of the record as a whole, the only way the ALJ's decision can logically be read is that she credited the existence of some limitations, but not to the extent Phillip claimed. Thus, Plaintiff's argument that the ALJ's explanation is contradictory or ambiguous is unavailing.

Plaintiff next argues that the ALJ erred by failing to articulate which specific elements of Phillip's testimony and third-party statement she credited and discredited.   Plaintiff cites no authority for this proposition, and it runs counter to the standard of minimal articulation.  Both Phillip's testimony and his third-party statement "relate[] to the claimant's work . . . and his ability to interact with others and concentrate."  [Filing No. 8-2, at ECF p. 25, R. at 24.]  It would be unnecessary—and in excess of minimal articulation—for the ALJ to quote specific portions of the third-party statement to show which parts she credited and which parts she discredited. Indeed, the ALJ's "failure to address [certain] specific findings . . . does not render [her] decision unsupported by substantial evidence because an ALJ need not address every piece of evidence in [her] decision."  *Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002).  Accordingly, the ALJ met her burden of minimal articulation and substantial evidence supports her opinion.

## B.      Concentration, Persistence, or Pace

Plaintiff argues that the ALJ's opinion is not supported by substantial evidence and thus must be remanded because she failed to include the mild limitations in concentration, persistence, or pace in the RFC assessment or in the hypothetical questions to the VE.  Plaintiff contends that his mild mental limitations should have been considered because the ALJ must consider both severe and non-severe limitations in assessing a claimant's RFC.  The Deputy Commissioner responds that the ALJ reasonably accounted for these limitations in his RFC assessment by limiting Plaintiff to simple, routine tasks; making simple, work-related decisions; never interacting with the general public; and having occasional interactions with supervisors and co-workers.  She further contends that the ALJ's finding of mild—not moderate—limitations does not necessitate any greater limitations than those already applied.

To properly assess a claimant's RFC, an ALJ must consider all of the claimant's impairments, "even those that are not severe in isolation." *Murphy v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014); 20 C.F.R. § 404.1545. Further, the Seventh Circuit has repeatedly instructed that "ALJs must provide VEs with a complete picture of a claimant's residual functional capacity." *Murphy*, 759 F.3d at 820. Generally, a hypothetical presented to the VE that limits the claimant to simple, routine tasks and limited interactions with others does not adequately account for limitations in concentration, persistence, or pace. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). More recently, the Seventh Circuit has found reversible error when the hypothetical does not "incorporate *all* of the claimant's limitations supported by the medical record—including moderate limitation[s] in concentration, persistence, and pace . . . .". *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). Hypotheticals presented to the VE must include all limitations found credible by the ALJ so that the expert does not list jobs that are unavailable to the claimant. *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002).

Both the ALJ in Plaintiff's case and the ALJ in *Varga* found that their respective claimants had difficulties with concentration, persistence, or pace. While Plaintiff has mild—not moderate—difficulties in this area, the ALJ must nevertheless include all of his impairments, even those that are not severe. Further, the ALJs in both cases assessed nearly identical RFCs. In *Varga*, the ALJ directed the VE to assume an individual with Varga's vocational profile who was able to perform "simple, routine, or repetitive tasks in a work environment . . . involving only simple work related decisions with few if any work place changes and no more than occasional interaction with coworkers or supervisors." *Varga*, 794 F.3d at 812. However, the Seventh Circuit explained that limiting the claimant to "simple, routine, and repetitive tasks" was "unrelated . . . to whether an individual with mental limitations . . . can perform such work."

at 814.  Limiting the claimant to perform work "involving only simple work related decisions with few if any work place changes and no more than occasional interaction with coworkers and supervisors," as the court explained, "deals largely with workplace adaptation, rather than concentration, persistence, or pace."  *Id.*  None of these limitations adequately accounted for mental limitations arising from difficulties in concentration, persistence, or pace.  *Id.*

      Like the ALJ in *Varga*, the ALJ in Plaintiff's case did not adequately consider the impact of his memory limitations on his ability to concentrate, persist, or maintain pace.  At step two, the ALJ found Plaintiff had mild limitations in concentration, persistence, or pace.  The ALJ based these limitations on memory problems related to a motor vehicle accident.  [Filing No. 8-2, at ECF p. 21, R. at 20.]  Plaintiff also had concentration, persistence, or pace limitations due to anxiety around people and in enclosed spaces.  Though the ALJ addressed the anxiety-related limitations, [Filing No. 8-2, at ECF p. 22, R. at 21], the ALJ failed to include Plaintiff's memory problems in the RFC assessment or in the hypothetical questions to the VE.  Instead, the ALJ merely limited Plaintiff to simple, routine tasks; making simple, work-related decisions; never interacting with the general public; and having occasional interactions with supervisors and co-workers.  Like the RFC in *Varga,* none of these limitations accounts for limitations in concentration, persistence, or pace due to memory problems.  Further, none of the hypotheticals presented to the VE accounts for Plaintiff's mild limitations due to memory problems.  [Filing No. 8-2, at ECF p. 65-70, R. at 64-69 (presenting the RFC statement to the VE and asking about additional limitations regarding movement, required absences, and being off task).]  Therefore, the ALJ's hypothetical to the VE was legally deficient.

      The Deputy Commissioner argues that Plaintiff's reliance on *O'Connor-Spinner* is misplaced.  In sum, she notes that the ALJ in *O'Connor-Spinner* only limited the claimant to

unskilled work when he had moderate limitations in concentration, persistence, or pace. However, as she argues, Plaintiff's ALJ gave him far more limitations for only mild limitations in concentration, persistence, or pace. Thus, the Deputy Commissioner argues that Plaintiff's ALJ provided Plaintiff a sufficient amount of limitations given his mild limitations.

However, when determining an individual's RFC, the ALJ's task is to consider all of the claimant's impairments, "even those that are not severe." *Murphy*, 759 F.3d at 820. Failing to consider an impairment is not the same as including a certain number of limitations. Several district courts in the Seventh Circuit have remanded when the ALJ's hypotheticals did not account for mental limitations arising from mild difficulties in concentration, persistence, or pace. In *Simon-Leveque v. Colvin*, 229 F. Supp. 778 (N.D. Ill. 2017), the court remanded because the ALJ did not account for the claimant's mild limitations in concentration, persistence, or pace arising from non-severe depression in his questioning to the VE. The court explained, "it is unclear whether Plaintiff is indeed capable of performing her past relevant work as a brokerage clerk." *Id.* at 788 (concluding that there was no logical bridge to ALJ's opinion that plaintiff can work). Similarly, in *Alesia v. Astrue*, 789 F. Supp. 2d 291 (N.D. Ill. 2011), the court held that the ALJ's failure to include his finding of mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace arising from non-severe depression in the RFC finding was error necessitating remand. *See also Vinzani v. Berrhill*, No. 2:16-CV-62-JEM, 2017 U.S. Dist. LEXIS 46111 (N.D. Ind. Mar. 28, 2017) (remanding because ALJ did not include non-severe mental limitations in RFC assessment); *Koswenda v. Astrue*, 08 C 4732, 2009 WL 958542, at *5 (N.D.Ill. Apr. 2, 2009) (remanding because ALJ failed to include mild limitations in concentration, persistence, or pace in the hypotheticals posed to the VE);

*Astrue*, No. 09 C 5169, 2012 WL 123596, at *13 (N.D. Ill. Jan. 17, 2012) (remanding because ALJ failed to include mild mental limitations found at step two in RFC assessment).

In support of her argument, the Deputy Commissioner cites to two unpublished cases in which the Seventh Circuit affirmed ALJ decisions that included fewer limitations than the ALJ in this case: *Seamon v. Astrue*, 364 F. App'x 243 (7th Cir. 2010), and *Parrott v. Astrue*, 493 F. App'x 801 (7th Cir. 2012). Neither of these unpublished cases is persuasive. *See* 7th Cir. R. 32.1(b); *U.S. v. Townsend*, 762 F.3d 641, 646 (7th Cir. 2014) (unpublished cases are not binding). The court in *Seamon* held that a limitation of no high production goals accounted for moderate limitations in concentration, persistence, or pace, but that opinion came before *O'Connor-Spinner*. Thus, it is not persuasive. Further, when the Commissioner in *Parrot* argued that the claimant's moderate limitation in concentration, persistence, or pace was accounted for when the ALJ asked the VE to assume the claimant could not do complex tasks, that court merely said, "We agree." *Parrot*, 493 F. App'x at 805. The case lacks any analysis on this issue that could be deemed persuasive.

The Deputy Commissioner next argues that the ALJ's step two finding of mild limitations was "generous" because the state agency psychologists did not find Plaintiff had any limitations. The ALJ found Plaintiff had mild limitations in concentration, persistence, or pace arising from memory problems based on a vehicle accident. While the ALJ considered the state agency psychologist's report, she also considered Plaintiff's statements, which indicated limitations in concentration, persistence, or pace. Having considered the evidence, the ALJ is in the best position to reach a conclusion. The Court will not "reweigh the evidence and substitute [its own] judgment for that of the ALJ." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). The ALJ must account for her own finding.

Finally, the Deputy Commissioner contends that Plaintiff has not met his burden of proving the severity of his impairments because an ALJ may assume that the claimant has presented his strongest case for benefits.  [Filing No. 22, at ECF p. 17 (citing *Skinner v. Astrue,* *478 F.3d 836, 842 (7th Cir. 2004)).*]  While the Plaintiff has the burden of proving the severity of his impairment, the Deputy Commissioner cites no authority requiring that a claimant's attorney must walk the ALJ through his questioning of the VE.  Plaintiff's failure to question those hypotheticals does not waive the ALJ's duty to account for Plaintiff's limitations.

## IV.    Conclusion

Accordingly, for the reasons set forth above Plaintiff's request for remand should be granted.  [Filing No. 13.]  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: 7/26/2018

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.